IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DEON BONNER,                          §
                                      §
              Movant,                 §
                                      §
VS.                                   §    NO. 4:19-CV-387-O
                                      §    (NO. 4:16-CR-245-O)
UNITED STATES OF AMERICA,             §
                                      §
              Respondent.             §

## OPINION AND ORDER

Came on for consideration the motion of Deon Bonner, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:16-CR-245-O, styled "United States v. Chad Johnson, et al.," and applicable authorities, finds that the motion should be denied.

## I. BACKGROUND

The record in the underlying criminal case reflects the following:

On October 12, 2016, movant was named along with others in a thirteen-count indictment charging him in count one with conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c), and in count ten with sex trafficking of children, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2). CR Doc.[1] 57. On October 17, 2016, movant entered a plea of not guilty. CR Doc. 78. Thereafter, he entered into an agreement to plead guilty. He and his attorney signed a factual resume setting forth the penalties movant faced, the elements of the offense charged in count one,

_____

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-245-O.

and the stipulated facts establishing that movant had committed the offense charged in count one

of the indictment. CR Doc. 89. They also signed a plea agreement. CR Doc. 90. The plea agreement

stated that movant faced any term of years of imprisonment up to life. *Id.* at 2. The plea agreement

further stated that movant understood his sentence would be determined by the Court after

consideration of the sentencing guidelines, which were not binding, but advisory only; that no one

could predict movant's sentence; and, that movant would not be allowed to withdraw his plea if

the sentence was higher than expected. *Id.* The plea agreement also included a waiver of right to

appeal or otherwise challenge sentence. *Id.* at 4.

On November 7, 2016, movant appeared before the Court to enter his plea of guilty. CR

Doc. 116. Movant testified under oath that: He understood he should never depend or rely upon

any statement or promise by anyone including his attorney as to what penalty would be assessed

against him and that his plea must not be induced or prompted by any promises, pressure, threats,

force or coercion of any kind; any discussion with his attorney concerning the guidelines would

only be an estimate, not a promise, as to what the guidelines would be; the Court would not be

bound by the stipulated facts and could take into account other facts; he committed the essential

elements as set out in the factual resume; he had had sufficient time to discuss the case and the

charges against him and the issue of punishment with his attorney and was satisfied with his

attorney's representation; he read the plea agreement and discussed it with his attorney and

received satisfactory explanations; he had no further questions regarding the plea agreement; he

understood that he could receive a sentence of life imprisonment; he was waiving the right to

appeal and to challenge his conviction and sentence in collateral proceedings, including under

§ 2255, except in certain instances; no one had mentally, physically, or in any other way attempted

to force him to plead guilty; no one had made any promises or assurances to him in any kind of effort to induce him to enter a plea of guilty; and, the stipulated facts in the factual resume were true and correct. CR Doc. 257 at 2–16. The Court found that the plea was knowing and voluntary. *Id.* at 19.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 36, CR Doc. 173, ¶ 45, and his combined adjusted offense level was 38. *Id.* ¶ 60. He received a five-level increase for engaging in a pattern of activity involving prohibited sexual conduct. *Id.* ¶ 61. He received a two-level and a one-level decrease for acceptance of responsibility. *Id.* ¶¶ 62, 63. Based on a total offense level of 40 and a criminal history category of III, movant's guideline imprisonment range was 360 months to life. *Id.* ¶ 98. Movant filed objections, CR Doc. 178, and the probation officer prepared an addendum to the PSR. CR Doc. 194.

On February 27, 2017, movant was sentenced to a term of imprisonment of 360 months. CR Doc. 229, 239. He appealed, CR Doc. 228, and his appeal was dismissed in part and the sentence affirmed. *United States v. Bonner*, 713 F. App'x 342 (5th Cir. 2018).

## II.  GROUNDS OF THE MOTION

Movant raises two grounds in support of his motion, both based on alleged ineffective assistance of counsel. First, he says that his counsel failed to protect him from being subject to a breach of the plea agreement. Doc.[2] 1 at PageID[3] 4. Second, he says that ineffective assistance

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the typewritten page numbers on the form used by movant are not the actual page numbers of the document.

during the plea negotiations and at sentencing resulted in movant being subject to plain error in his guidelines calculations. *Id.* at PageID 5.

## III.  APPLICABLE LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

4

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.  ANALYSIS

As the government notes, movant's grounds all focus on the Court's purported erroneous application of the sentencing guidelines. In his first ground, he argues that the government breached the plea agreement by listing a different offense of conviction in the plea agreement and the factual resume. He also argues that his attorney induced him to plead guilty by wrongly

predicting the sentence he would receive. In his second ground, he argues that his attorney was ineffective because he failed to object to the Court's guideline calculations. The arguments are based on the contention that movant should have been subject to a base offense level of 24 instead of 30. None of his arguments has merit.

Movant's argument concerning a "breach" of the plea agreement appears to have been made on direct appeal and rejected. *Bonner*, 713 F. App'x at 344. To the extent this is a new argument, it should and could have been raised on direct appeal and cannot be pursued here. *Davis*, 417 U.S at 345. In any event, the record establishes that the government did what it agreed to do. Movant's counsel cannot have been ineffective for failing to raise a frivolous issue. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

For the reasons explained by the government, movant is simply wrong in asserting that his base offense level should have been lower. Doc. 6 at 8–12. *United States v. Wei Lin*, 841 F.3d 823 (9th Cir. 2016), upon which movant relies, is not persuasive, much less authoritative. *See United States v. Carter*, 960 F.3d 1007 (8th Cir. 2020); *United States v. Sims*, 957 F.3d 362 (3d Cir. 2020)(declining to follow *Wei Lin*). Moreover, misapplication of the sentencing guidelines is not a cognizable ground in a § 2255 motion. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Further, such ground was waived by movant and the Fifth Circuit has found that his waiver was knowing and voluntary. *Bonner*, 713 F. App'x at 344.

For the same reasons that movant's waiver of the right to appeal was knowing and voluntary, so was his waiver of the right to seek post-conviction relief. Although movant now appears to claim that he was coerced into pleading guilty, his solemn declarations in open court at his rearraignment are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74

6

(1977). Likewise, his factual resume and plea agreement. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

Here, movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence[4] in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the rearraignment hearing. In particular, the contention that movant relied upon advice that he faced a sentence of 10 to 15 years is belied by his testimony that he understood that any discussion of his guideline sentence at the time the plea was entered would be an estimate and that he should not rely on any such prediction or promise. CR Doc. 257 at 6–8. Movant testified that he understood he faced a term of imprisonment up to life. *Id.* at 12.

---

[4] The declaration of movant's mother does not reflect that she was an eyewitness to any promise. It simply shows that at certain unknown times, she had the impression that movant was "looking at between 10 and 15 years." Doc. 1 at PageID 30. Thus, assuming the testimony is to be credited, *see* Doc. 278 at 7 (movant's mother is severely mentally ill), it simply does not support the contention that movant's counsel promised a certain sentence.

Finally, movant's allegation that his counsel failed to object to his base offense level is incorrect. His counsel did file objections to the PSR, arguing that his base offense level should have been 24 rather than 30. CR Doc. 178.

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 26th day of January, 2021.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**